Pauline **WILLIAMS** (Now Akers), Appellant,

v.

Julianne **PERRY** and Clyde Williams, Appellees.

Court of Appeals of Kentucky.

May 22, 1970.

Scott Collins, Prestonsburg, for appellant.

Joe Hobson, Prestonsburg, George Chad Perry, III, Paintsville, for appellees.

CULLEN, Commissioner.

Pauline Williams (now Akers) obtained a divorce from her husband, W. B., in October 1953, thus terminating a childless marriage of 13 years' duration. The judgment made no mention of alimony but recited that "the parties hereto are making a property settlement between them and this cause is hereby retained on the docket for further orders, pending their said property settlement." Almost nine years later, in March 1962, Pauline moved to have the case redocketed "for the purpose of settling the property rights between them * * * and for an allowance of alimony commensurate with the equities of the case." She asked that full title to the residence which they had occupied as a home be restored to her, on the ground that W. B.'s title interest had been acquired from her parents solely by virtue of the marriage. She further asked that she be adjudged half-owner of all of the property in W. B.'s name, on the ground that the property had been acquired through the profits of a business which he and she had operated as partners. W. B. answered, denying Pauline's right to any relief, and counterclaimed, asking that he be awarded title to the residence.

The litigation dragged on through 1967, when W. B. died and the coexecutors of his will were substituted as defendants. Finally, in February 1969, judgment was entered dismissing Pauline's claim and W. B.'s counterclaim. Pauline has appealed.

■ Pauline and W. B. had held title to the residence as joint tenants with right of survivorship. The circuit court was of the opinion that W. B.'s death made moot any issue as to the ownership of the residence, since Pauline had come into full title by virtue of survivorship. The judgment, in dismissing the counterclaim, effectively adjudicated Pauline's ownership, so there is no basis for any complaint by Pauline, on this appeal, with reference to the residence. So the only issue presented is whether Pauline should have been given an award for a portion of W. B.'s estate, either by way of restoration of property into which her earnings could be traced or by way of an equitable allowance for her general contributions to the accumulation of the estate.

■ We think the issue can quickly be resolved by directing consideration to the evidence concerning the nature and extent of W. B.'s estate *at the time of the divorce*. W. B.'s business, during the marriage, consisted of the operation of an amusement enterprise utilizing coin-operated machines. Pauline's testimony was that at the time of the divorce W. B. owned a substantial number of machines, of considerable value, and a small commercial building worth some $10,000, to the acquisition of which she had contributed in material part from her individual earnings. W. B.'s testimony was that at the time of the divorce he owned only a small number of machines on which he was indebted for more than their value, and the commercial building, which also was mortgaged, and to the acquisition of which Pauline had not made any contribution. The evidence was in direct conflict and the chancellor was free to believe W. B.'s testimony, under which W. B.'s assets consisted only of an equity of $6,000 or $7,000 in the commercial building. The record shows that Pauline was permitted by W. B. to use half of the building for her operation of a beauty shop and a dress shop for several years after the divorce, without payment of rent. Also that during those years W. B. paid the taxes on the residence which Pauline had rented out. (The commercial building eventually burned down and W. B. received such of the insurance proceeds as exceeded the amount of the mortgage indebtedness, and in separate litigation over those proceeds Pauline was adjudged to have no interest in them.)

We cannot say that the chancellor erred in not concluding that Pauline was entitled to something more out of W. B.'s estate than was represented by several years' free rent of half of the building plus the payment of taxes on Pauline's residence.

The judgment is affirmed.

All concur, except NEIKIRK, J., who did not sit.